**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NI JI KUN, | No. 07-71120 |
| Petitioner, | Agency No. A098-297-857 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Ni Ji Kun, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C § 1252. We review for substantial evidence the agency's adverse credibility findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding because Kun's explanation for how he discovered the police were seeking him—which was the reason he fled China—goes to the heart of his claim. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir. 2004) (as long as one of the identified grounds is supported by substantial evidence and goes to the heart of the claim, we are bound to accept the agency's adverse credibility finding); *Singh-Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir. 1999) (adverse credibility finding can be based on vague or unresponsive testimony). Despite questioning, Kun did not clarify how he was able to tell his mother in June 2004 that he was going to his grandmother's house; was non-responsive when asked for details about why the police wanted to arrest him; and gave no audible response when asked if there was another reason the police would want to arrest him. In the absence of credible testimony, Kun's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Kun's CAT claim is based on the same evidence the agency found not credible and he points to no other evidence in the record to show it is more

2

likely than not that he would be tortured in China, his CAT claim fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**